# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
### Syracuse Division

CNY FAIR HOUSING, INC.,
RICHARD SLOWIK, ELIZABETH
MOLLOY

|                   Plaintiffs,

vs.

WILDWOOD RIDGE APARTMENTS,
WILDWOOD RIDGE ASSOCIATES, L.P.

|                   Defendants.

Civil Action No.: 5:19-CV-0687

**CIVIL CASE MANAGEMENT PLAN**

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **September 12, 2019, at 10:00 AM**. All conferences will be conducted by telephone unless the parties are specifically directed to appear. Counsel for the plaintiff is directed to coordinate the initial conference call. Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1) JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before the December 31, 2019.

**2) AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be on or before December 31, 2019.

**3) DISCOVERY**: All discovery in this action shall be completed on or before April 30, 2020.

**4) MOTIONS**: All discovery motions shall be made on or before May 15, 2020. All remaining motions shall be made on or before July 31, 2020.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: This action will be ready to proceed to trial on or before August 3, 2020. It is anticipated that the trial will take approximately five (5) days to complete. The parties request that the trial be held in Syracuse, New York. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND**: Yes.

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? DO ANY REMAIN TO BE SERVED?**

The Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613 (and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367). The parties are subject to the Court's jurisdiction.

Defendants were all properly served. Wildwood Ridge Apartments was served on June 12, 2019 and Wildwood Ridge Associates, L.P. was properly served via the Office of the Secretary of State on July 17, 2019. Plaintiffs do not anticipate adding additional parties at this time.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFFS' CLAIMS AND DEFENDANT'S DEFENSES?**

**Plaintiffs' Claims**: Plaintiffs CNY Fair Housing, Inc., Richard Slowik, and Elizabeth Molloy have brought suit against Defendants, the corporate entities involved with the ownership and management of Wildwood Ridge Apartments, Wildwood Ridge Apartments and Wildwood Ridge Associates, L.P., for discrimination on the basis of disability, in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq., and New York Executive Law § 290, et seq.

The discriminatory conduct includes refusals to accommodate, refusals to allow reasonable modifications, differential terms and conditions, and discriminatory statements based on the disability of Plaintiff Richard Slowik. These actions resulted in the improper termination of the individual plaintiffs' lease and caused damage to Plaintiff CNY Fair Housing, Inc. in the form of frustration of its mission and a diversion of its resources.

**Defendants' Defenses**: Defendants deny the material allegations contained in the Complaint. Defendants contend that requests for modifications were not made by plaintiffs as alleged in the Complaint such that there were no refusals to accommodate, permit modifications, change terms and/or conditions, or any discrimination of any kind by defendants. Plaintiffs Richard Slowik and Elizabeth Molloy elected to move out of Wildwood Ridge Apartments entirely on their own volition. Plaintiffs were not damaged in any way, let alone are they entitled to any punitive damages, declaratory relief, affirmative action on the part of defendants, or any costs or fees incurred in bringing the instant action.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

See No. 8 above.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties are not aware of any issues that can be narrowed (or resolved) by agreement or motion at this time.

**11) WHAT SPECIFIC RELIEF DOES PLAINTIFF SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs request that 1) the Court declare that Defendants' actions violate the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and the New York State Human Rights Law, New York Executive Law § 290, et seq.; 2) Plaintiffs Richard Slowik and Elizabeth Molloy be awarded compensatory damages, in an amount to be determined by a jury, to compensate them for their emotional distress and any economic injuries they suffered as a result of the Defendants' actions; 3) Plaintiff CNY Fair Housing, Inc. be awarded compensatory damages, in an amount to be determined by a jury, to compensate for the frustration of its mission and for the diversion of its resources to counteract Defendants' discriminatory actions; 4) Plaintiffs be awarded punitive damages, in an amount to be determined by a jury, based on the nature of the allegations alleged in their Complaint; and 5) Plaintiffs be awarded their reasonable attorney's fees and costs associated with prosecuting this action in accordance with 42 U.S.C. §3613(c)(2) and New York State Executive Law §297(10).

**12) DISCOVERY PLAN:**

**A. Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend the deadline.

**B. Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:
- The contacts and interactions between the parties
- CNY Fair Housing, Inc's investigation into this matter
- Recording of voicemail through ARISE
- Defendants' tenant file for Richard Slowik and Elizabeth Molloy
- Defendants' practices and policies regarding renting their properties and accommodating tenants and prospective tenants with disabilities
- Employment records of individual defendants and any other employees that may be involved with the rental of Wildwood Ridge Apartments.

- Information possessed by third parties who have knowledge concerning Plaintiffs' claims and/or Defendants' defenses
- Plaintiffs' claim for damages

**C. Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

       The parties plan to complete discovery within the time frame requested in Paragraph 3 with the additional expectation that written discovery would be completed by December 13, 2019.

**D. Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

       The parties contemplate serving interrogatories, requests for documents, and/or requests for admission. The parties are not seeking any increase in the default number of interrogatories permitted under Rule 33 at this time.

**E. Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

       The parties contemplate an estimated five (5) depositions including the five parties, and any additional fact witnesses who may have relevant knowledge concerning Plaintiffs' claims and Defendants' defenses. The exact number will become clearer as written discovery is exchanged. The parties anticipate that depositions will take place in or around Syracuse, New York.

**F. Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosure at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

       Plaintiffs and Defendants have not yet determined whether they will retain any experts in this matter. To the extent that any party retains expert witnesses, the parties do not seek a variance from the expert disclosure requirements in the Court's uniform pretrial scheduling order.

**G. Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties agree to produce electronically stored information requested in discovery in its native file format. The parties will continue to confer regarding the production of electronically stored information to determine the search terms to be applied in connection with the retrieval and production of any such information, the location and format of electronically stored information, and any agreements regarding the retention of such data. The parties do not anticipate seeking an order from the Court at this time.

**H. Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties do not anticipate the need for protective orders in this case.

**I. Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues, which the parties reasonably anticipate, may require court intervention.

The parties have not identified any discovery related issues that warrant the Court's intervention at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

The parties believe that it is necessary to conduct some discovery in order to answer these questions concerning trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?** No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL CLASSES BE CERTIFIED?** Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

**1-----2-----3-----4-----5-----6-----7-----8-----9-----10**
**(VERY UNLIKELY) →→→→→→→→→→→→(LIKELY)**

CANNOT BE EVALUATED PRIOR TO _at least completion of written
discovery_____ (DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?** (*Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference*)

The parties believe that participating in mediation may assist settlement efforts.

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE** – *Subject to Mandatory Mediation under General Order #47*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE CONFIRM THAT YOU HAVE:**

A. Reviewed General Order #47? Yes
B. Reviewed the List of Court Approved Mediators available on the NDNY website? Yes
C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? Yes
D. Discussed the time frame needed to complete Mandatory Mediation? Yes

_____

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on August 21, 2019 by telephone and was attended by: Conor Kirchner for Plaintiffs, and Christopher Martin for all Defendants.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

Dated: August 23, 2019                    Respectfully submitted,

                                          /s/ Conor Kirchner_____
                                          Conor Kirchner (Bar Roll No. 518898)
                                          CNY Fair Housing, Inc.
                                          731 James Street
                                          Suite 200
                                          Syracuse, NY 13203
                                          P: (315) 471-0420
                                          F: (315) 471-0549
                                          cjkirchn@cnyfairhousing.org

                                          *Attorney for Plaintiffs*

6

/s/ Christopher Martin\_\_\_\_
Christopher Martin (Bar Roll No. 516507)
Wilson Elser Moskowitz Edelman & Dicker LLP
200 Great Oaks Boulevard, Suite 228
Albany, NY 12203
P: (518) 320-3628

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, I filed the foregoing Civil Case Management Plan on the CM/ECF system for the Northern District of New York, which will send a notice of electronic filing to all counsel of record.

/s/ Conor Kirchner_____
Conor Kirchner